UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEANGELO WHITAKER #139021 | CIVIL ACTION NO. 23-cv-867 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| OCHSNER L S U HEALTH SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Deangelo Whitaker ("Plaintiff"), who is a self-represented inmate, filed this civil action against Ochsner LSU Health Shreveport. The only facts alleged in the complaint are:

> Around the end of June of 2019 I had gotten shot in my left arm and they had to reconstruct my arm an (sic) they inserted an (sic) plate in my arm. On Aug 6, 2022 my plate broke in my arm while incarcerated in Caddo Correction Center custody."

Plaintiff asked the court to award him compensation for his pain and suffering because of poor workmanship and craftsmanship. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

**Analysis**

**A. Introduction**

Plaintiff was granted leave to proceed in forma pauperis in this action. The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter

jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the record indicates that neither of those grounds for jurisdiction exists in this case.

**B. Diversity Jurisdiction**

The court may hear state law claims if it has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court

---

[1] Even if the plaintiff is not proceeding IFP, a district court may dismiss an action on its own motion as long as the procedure employed is fair. The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), citing Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff clarified in a recent filing (Doc. 5) that he is a Louisiana citizen. He stated that he lived in Louisiana before he went to jail and would return to a Louisiana address when released. The only defendant is Ochsner LSU Health Shreveport, which is a public-private partnership between the Ochsner Health System and the state-owned LSU Health Shreveport. The entity is certainly a Louisiana citizen. Because both Plaintiff and the only defendant are citizens of the same state, there is no basis for the exercise of diversity jurisdiction.

**C. Federal Question**

Another common basis for jurisdiction in civil cases is federal question jurisdiction pursuant to 28 U.S.C. § 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." Carpenter v. Wichita Falls ISD, 44 F.3d 362, 366 (5th Cir. 1995). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff's claims appear to be based on assertions of negligence, medical malpractice, or perhaps products liability. Such claims necessarily arise under state law rather than federal law. Nothing in the complaint suggests any substantial, disputed question of federal law.

Plaintiff did file his complaint on a form that the court provides to jails for inmates to use when they assert prisoner civil rights claims. The form is labeled Complaint: Prisoner Civil Rights Under 42 U.S.C. § 1983. In determining whether a complaint asserts a federal claim, the court "looks to the substance of the complaint, not the labels used in it." In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980). Thus, the "mere labeling" of a case as a Section 1983 action is insufficient to assert a federal claim when there is otherwise no basis for one. Johnson v. Loyola University New Orleans, 673 Fed. Appx. 436, 437 (5th Cir. 2017). All of Plaintiff's claims fall under state law theories, so there is no basis for the exercise of federal question jurisdiction under Section 1331.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper state court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it. His complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge